## Mauch Chunk School Directors Case.

Argued May 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John M. Smith, Jr.*, with him *J. J. Gallagher*, for appellants.

*Ben Branch*, for appellees.

OPINION BY MR. JUSTICE DREW, June 25, 1946:

These appeals are from an order of the Court of Common Pleas of Carbon County removing appellants

Zulick, Halliday and Beneck, as Directors of the School District of the Township of Mauch Chunk; appointing other persons to their unexpired terms; and decreeing that these three, together with McElvar, an appellant whose term had expired, be ineligible for a period of five years to again serve as School Directors.

The pertinent facts are: a report of the board of auditors of the School District charged the tax collector with a balance due to the School District for the school year 1941-1942. The School District instituted an action in assumpsit for the purpose of collecting the monies due, but never brought the issue to trial. Taxpayers intervened in that action and obtained a verdict and judgment in favor of the School District. The surety of the collector paid this judgment. Twenty taxpayers then petitioned the learned court below for the removal of the Directors of the School District. Answers were filed by respondents and a hearing was held.

The order of the court below was made under authority of Sections 217 and 218 of the School Code.[1]

---

[1] 1911, May 18, P. L. 309, art. II, §217: "If the board of school directors . . . shall . . . refuse or neglect to perform any duty imposed upon it by the provisions of this act, any ten resident taxpayers in said district may present their petition . . . to the court of common pleas of the county in which such district . . . is located, setting forth the facts of such refusal or neglect of duty on the part of such school directors; whereupon the said court shall grant a rule upon said school directors . . . to show cause why they should not be removed from office . . . On or before the return day of such rule the said school directors . . . shall file . . . their answer or answers to said petition . . . ; and if the facts set forth in said petition presented by said taxpayers, or any material part thereof, be denied, the court shall then hear the several parties on such matters as are contained in said petition; and if on such hearing, or if when no answer is filed denying the facts set forth in said petition, the court shall be of the opinion that any duty imposed on said board of school directors, which is by the provisions of this act made *mandatory* upon them to perform, has not been done or has been neglected by them, the said court shall have the power to remove said board, or such of its number as in its opinion is proper, and appoint for the unexpired

These sections were relied upon, because, quoting from the court's opinion: "Under Section 2624 of the School Code, there is an expressed mandatory duty imposed upon the School Directors of a School District to collect the amount charged against a person or persons in a report filed by the Auditors of a Third Class School District from such person or persons, or their sureties, for the use and benefit of the School District. To comply with the provisions of this Section, the Respondents [four of whom are appellants in these appeals] would have had to press the suit In Assumpsit against Stephen Pancoe, Tax Collector, and the New Amsterdam Casualty Company, his surety." [2]

The learned court below erred in its conclusion that appellants would have had to prosecute the suit in assumpsit against the tax collector and his surety to its conclusion, in order to comply with the provisions of Section 2624 of the School Code. That section imposes no mandatory duty to collect monies due by whatever means possible, such as an action in assumpsit. It pro-

---

terms other qualified persons in their stead, subject to the provisions of this act." (Italics added).

§218: "Any person so removed from the office of school director shall not be eligible again as school director for the period of five (5) years thereafter."

[2] 1911, May 18, P. L. 309, art. XXVI, §2624; 1913, May 21, P. L. 288, §2: "If in any report filed by the auditors of any school district of the second or third class there has been any sum charged against any person or persons, the amount charged against such person or persons shall, in the absence of an appeal within thirty days as aforesaid by such person or persons, become a judgment, and shall be entered by the prothonotary in favor of the school district, against the person or persons charged therewith; the same to be collected from such person or persons, or the sureties thereof, by the school district, for its use and benefit; or any taxpayer of such district may, on its behalf, proceed to enforce collection of such judgment for said school district, by any appropriate proceeding, executionary or otherwise, upon filing bond, with sufficient surety or sureties, conditioned to indemnify and save harmless said school district from any costs accruing by reason of such proceeding."

vides, in clear and unambiguous language, a definite manner in which a judgment will result, and must be entered, against a person charged with a sum due by a report of auditors filed with the Prothonotary of the Court of Common Pleas. It has absolutely nothing whatever to do with any other method of obtaining a judgment for the monies due. The word "same", in the phrase "the same to be collected", refers to the word "judgment" and not to the phrase "amount charged", said judgment having resulted under the provisions of the section. And it is this judgment which this section of the Act permits taxpayers to intervene to collect. The fact that an action in assumpsit will also result in a judgment for the monies due does not bring such action under the provisions of this section.

Whether Section 2624 places a mandatory duty on the School District to issue execution on all judgments resulting by reason of the provisions of this section, need not now be decided. It may be pointed out, however, that if it does place such a mandatory duty, the School District would have to issue execution on all such judgments, even though it were well and surely known that the person charged with the monies due, and his surety if he had one, were "judgment proof". On the other hand, if the School District may exercise discretion, and does not issue execution, then a taxpayer may intervene and attempt to collect the monies due, provided he files a bond with sufficient surety "conditioned to indemnify and save harmless the School District from any costs accruing by reason of such proceeding".

As far as this particular case is concerned, there can be no doubt but that no mandatory duty either to institute an action in assumpsit, or to prosecute such an action once commenced to its conclusion, was imposed upon the School Directors by Section 2624 of the School Code. Since appellants neither refused nor neglected to perform any mandatory duty imposed upon them by this section in not prosecuting the action in

472

assumpsit to a conclusion, we are forced, even though the School Directors could have collected the monies due, to hold that the court below had no authority to remove appellants Zulick, Halliday and Beneck as School Directors; to appoint others to their unexpired terms; and to decree that all appellants, including McElvar, were ineligible to again serve as School Directors for a period of five years.

Order reversed; record remitted for the entry of an order consistent with this opinion; costs to be paid by appellants.